UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| AIMEE O'NEIL,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW POLAND, et al.,<br><br>Defendants. | Case No. 2:20-cv-00648-JAD-EJY<br><br>**ORDER**<br><br>**And**<br><br>**REPORT AND RECOMMENDATION**<br><br>**Re: ECF Nos. 1-1, 5, 6, 8, and 12** |

Presently before the Court is Plaintiff Aimee O'Neil's Applications to Proceed *In Forma Pauperis* (ECF Nos. 5, 6, and 8), the first of which was filed on April 27, 2020, with the latter two filed on April 28, 2020. Also before the Court are Plaintiff's Civil Rights Complaint (ECF No. 1-1) and Motion for Entry of Default (ECF No. 12).

**I.     *In Forma Pauperis* Application**

Plaintiff submitted the declaration and information required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 5. Therefore, Plaintiff's *in forma pauperis* application is granted.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). When screening a complaint, the Court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court liberally construes pro se complaints and may only dismiss them

1

"if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

When considering whether a complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**III.   DISCUSSION**

  A.   <u>Summary of Plaintiff's Complaint</u>.

In her Complaint, Plaintiff identifies the Colorado Office of Alternate Defense Counsel and public defender Andrew Poland ("Poland") as Defendants. ECF No. 1-1 at 2. Plaintiff alleges that Defendants violated her constitutional rights by virtue of ineffective assistance of counsel during her criminal trial and subsequent appeal (*id.* at 4-10). Plaintiff asks the court to award her declaratory relief and monetary damages totaling one million dollars (*id.* at 13). Plaintiff also alleges that Defendants deliberately repressed Plaintiff's medical records at trial (*id.* at 9) and conspired with Colorado state officials to provide her with "minimal adequate representation" (*id.* at 10). Plaintiff claims that Poland filed a "frivolous" appeal (*id.* at 5), and generally pursued Plaintiff's case with "deliberate indifference" (*id.* at 5).

  B.   <u>The Court Lacks Personal Jurisdiction Over Defendants Named in Plaintiff's Complaint</u>.

While the Court, at least arguably, has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332, the Court lacks personal jurisdiction over Defendants. Personal jurisdiction is established when: "(1) provided for by law; and (2) the exercise of jurisdiction

comports with due process." *Southport Lane Equity II, LLC v. Downey*, 177 F. Supp. 3d 1286, 1290 (D. Nev. 2016) *citing Greenspun v. Del E. Webb Corp.*, 634 F.2d 1204, 1207 (9th Cir.1980). "When no federal statute governs personal jurisdiction, a federal court applies the law of the forum state." *Id*. *citing Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Where a state, such as Nevada, has a "long-arm" statute providing state "courts jurisdiction to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment, a court need only address federal due process standards." *Id*. *citing Arbella Mut. Ins. Co. v. Eighth Judicial Dist. Court*, 122 Nev. 509, 134 P.3d 710, 712 (2006) (citing Nev. Rev. Stat. § 14.065); *Boschetto*, 539 F.3d at 1015.

Under these standards, a defendant must generally have "certain minimum contacts" with the forum state before personal jurisdiction will be established. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Personal jurisdiction may be established in one of two ways—" general jurisdiction and specific jurisdiction." *Boschetto*, 539 F.3d at 1016; *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–414 (1984). General jurisdiction is properly exercised only when "a defendant's contacts with a forum are so substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that forum for all purposes." *Menken v. Emm*, 503 F.3d 1050, 1056–57 (9th Cir. 2007). Here, Plaintiff pleads no facts in support of the conclusion that Defendants' contacts with Nevada are sufficient to establish general jurisdiction. ECF No. 1-1. In fact, Plaintiff fails to make any claims at all regarding Defendants' relationship with the state of Nevada. *Id*.

A review of specific jurisdiction also does not save Plaintiff's Complaint. Specific jurisdiction is "jurisdiction based on the relationship between the defendant's forum contacts and plaintiff's claims." *Menken*, 503 F.3d at 1057. "[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "[M]ere injury to a forum resident is not a sufficient connection to the forum." *Walden v. Fiore*, 571 U.S. 277, 290 (2014).

In this case, all of Plaintiff's allegations against Defendants arise out of actions or omissions performed solely in Colorado.[1]  These facts belie the conclusion that Nevada may properly exercise personal jurisdiction over Defendants. *Id*. at 289 (finding no such relationship where "no part of [appellant's] course of conduct occurred in Nevada[,]" and [appellant] never traveled to, conducted activities within, contacted anyone in, or sent anything or anyone to Nevada.").

Because Plaintiff fails to demonstrate that Nevada has personal jurisdiction over Defendants, the Court recommends her Complaint be dismissed with prejudice.

C. <u>Even if the Court has Jurisdiction Over Defendants, Plaintiff's § 1983 Claims Fail as a Matter of Law</u>.

To state a claim under § 1983, Plaintiff must allege that a person acting under color of state law deprived her of a federal right. *West v. Atkins*, 487 U.S. 42, 48 (1988). However, criminal defense attorneys, including public defender's offices, are considered private parties that do not act under color of state law. *Miranda v. Clark Cnty.*, 319 F.3d 465, 468 (9th Cir. 2003) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981) ("a public defender representing a client in the lawyer's traditional adversarial role is not a state actor"); *Miranda v. Carlos*, Civil No. 08-1566W (PCL), 2009 WL 50153, at *2 (S.D. Cal. Jan. 6, 2009) ("when publicly appointed counsel are performing as advocates, *i.e.*, meeting with clients, investigating possible defenses, presenting evidence at trial and arguing to the jury, they do not act under color of state law for section 1983 purposes.") (internal citations omitted); *Cummins v. Office of the Public Defender for Shasta County*, Case No. 2:15–cv–0135–WBS–EFB P, 2015 WL 5330411, at *2 (E.D. Cal. Sept. 10, 2015); *Rowell v. Clark County Public Defender Office*, 157 Fed.Appx. 973, 967 (9th Cir. 2005) (regardless of whether a defendant can prove "ineffective assistance of counsel, defendant can state no claim under § 1983" against the public defender's office).

---

[1] Plaintiff fails to allege any facts demonstrating she lived outside of Colorado while Defendants represented her. *See* ECF No. 1-1. Plaintiff's "Notice of Change of Address" also does not establish that she had moved from Colorado during the time period in which Defendants' representation was allegedly deficient. ECF No. 10. Therefore, there is nothing upon which the Court may conclude that Defendants' complained-of actions extended beyond Colorado state lines. *Core–Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1486 (9th Cir.1993) (holding that personal jurisdiction can be based upon: "(1) intentional actions (2) expressly aimed at the forum state (3) causing harm, the brunt of which is suffered—and which the defendant knows is likely to be suffered—in the forum state.").

4

At all times described by Plaintiff in her Complaint, Poland, who was appointed through the Colorado Officer of Alternative Defense Counsel, was acting as Plaintiff's publicly appointed criminal defense counsel.[2]  As such, Defendants were not acting under color of state law and Plaintiff's Complaint should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

D.  <u>Plaintiff's Motion for Entry of Default Judgment Fails as a Matter of Law</u>.

Plaintiff's Motion seeking default judgment asserts that default is proper because she has twice mailed Defendants a copy of her Complaint and a summons, but received no reply.  ECF No. 12.  However, Federal Rule of Civil Procedure 4(d) requires more than mailing a copy of the summons and complaint in order to effect proper service.  Specifically, Rule 4(d) allows a plaintiff to seek the waiver of service so long as the following conditions are met:

(A) be in writing and be addressed:

   (i) to the individual defendant; or

   (ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;

(B) name the court where the complaint was filed;

(C) be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;

(D) inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;

(E) state the date when the request is sent;

(F) give the defendant a reasonable time of at least 30 days after the request was sent—or at least 60 days if sent to the defendant outside any judicial district of the United States—to return the waiver; and

(G) be sent by first-class mail or other reliable means.

---

[2]  To the extent that Plaintiff alleges that Defendants cooperated with State officials to deprive Plaintiff of her constitutional rights, Plaintiff's Complaint includes only conclusory allegations and, thus, fails to state a claim. *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (holding that conclusory allegations of action under color of state law, "unsupported by facts, [will be] rejected as insufficient to state a claim")

5

Neither Plaintiff's Motion nor the docket indicate that Plaintiff followed all requirements of Rule 4(d). Therefore, the Court cannot conclude Defendants were properly served. Without proper service, default is also improper. Fed. R. Civ. P. 55.

### IV. ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 5) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's additional *in forma pauperis* requests (ECF No. 6 and 8) is denied as moot.

### V. REPORT AND RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be DISMISSED with prejudice.

IT IS FURTHER RECOMMENDED that pending motion docketed as ECF No. 12 be DISMISSED with prejudice.

DATED: June 29, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).